IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ASHLEY SINDELAR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV274 |
| | ) | |
| V. | ) | |
| | ) | |
| DORMAN PRODUCTS, INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Compel Inspection and Testing (filing 13) and Plaintiff's Motion for Protective Order (filing 18). For the reasons explained below, Defendant's Motion to Compel will be granted, and Plaintiff's Motion for Protective Order will be denied.

## BACKGROUND

This is a products liability action in which Plaintiff alleges that she was injured by a right lower control arm manufactured and put into distribution by Defendant. (Filing 1.)

On or about December 31, 2013, prior to the filing of this lawsuit, Plaintiff's counsel sent a settlement demand to Defendant. The demand included a report written by Defendant's expert, Larry Hanke ("Hanke"), that detailed findings of non-destructive testing and inspection performed on the subject control arm. Subsequently, Defendant's general counsel, Thomas Knoblauch ("Knoblauch"), requested that the control arm be shipped to Defendant's facility for inspection. Plaintiff's counsel agreed to the inspection, and the part was shipped to Defendant in January, 2014.

After the parties agreed to a testing protocol, a visual inspection occurred. This inspection was attended by Hanke and some of Defendant's personnel. Later, Plaintiff proposed that a joint inspection be conducted at Hanke's laboratory. Defendant's Director of Quality Control attended this inspection, which occurred on May 15, 2014. Plaintiff paid

$3,660.00 to have Hanke and his company, Materials Evaluation and Engineering, Inc., perform the inspection.

On July 2, 2014, Plaintiff's counsel presented a renewed settlement demand, along with Hanke's new report, which detailed Hanke's findings from the May 15, 2014 inspection. Then, on August 12, 2014, Plaintiff filed this suit in the District Court of Douglas County, Nebraska.[1]

On August 15, 2014, defense counsel requested that Defendant's newly-retained expert be allowed to inspect and test the control arm. Plaintiff refused to allow another inspection, unless Defendant agreed to pay the costs of having Plaintiff's expert attend the inspection. On December 2, 2014, Defendant sent Plaintiff Requests for Production pursuant to Fed. R. Civ. P. 34, which requested further inspection of the control arm. Plaintiff objected to the Requests.

On February 13, 2015, Defendant filed the instant Motion to Compel, requesting that the Court order Plaintiff to make the subject control arm available for testing. In response, on March 3, 2015, Plaintiff filed a Motion for Protective Order, asking that the Court order Defendant to pay for the costs of Plaintiff's expert to participate in the inspection and testing.

**DISCUSSION**

When a discovery request is made under Fed. R. Civ. P. 34, as is the case here, "the presumption is that the responding party must bear the expense of complying with discovery requests, but he may invoke the district court's discretion under Rule 26(c) to grant orders protecting him from undue burden or expense in doing so, including orders conditioning discovery on the requesting party's payment of the costs of discovery." *American Piledriving Equip., Inc. v. Hammer & Steel, Inc.*, No. 4:11CV811, 2012 WL 1414837, *7 (E.D. Mo. April 24, 2012) (quotation omitted).

---

[1] Defendant removed the case to federal court on September 16, 2014. (Filing 1.)

Plaintiff claims that a protective order is warranted because Defendant had two previous opportunities to inspect and test the control arm. The Court disagrees that a protective order is appropriate. At the time the previous inspections took place, a lawsuit had not been filed. Rather, the parties were engaged in discussions to determine whether the dispute could be resolved without the necessity of a formal suit. Further, when the other inspections took place, Defendant had not retained an expert and, thus, did not perform actual testing on the control arm. These limited inspections conducted prior to the commencement of this lawsuit do not serve as a basis for precluding further discovery regarding this matter.

Additionally, Plaintiff has not demonstrated that an additional inspection would cause her undue burden or expense. The proposed inspection would be the first conducted during the pendency of this suit. A thorough examination of the control arm is clearly important in this products liability action, and disallowing such an inspection would likely prejudice Defendant. Discovery has not closed in this suit, and Defendant should be allowed the opportunity to have its expert test and examine the control arm, without paying Plaintiff for the right to do so.

**IT IS ORDERED** that Defendant's Motion to Compel Inspection and Testing ([filing 13](filing 13)) is granted, and Plaintiff's Motion for Protective Order ([filing 18](filing 18)) is denied. Further inspection of the control arm shall occur at a mutually-convenient time and place. A planning conference will be held, via telephone, with the undersigned on April 10, 2015, at 10:00 a.m. Plaintiff's counsel shall initiate the call to the Court.

**DATED March 31, 2015.**

                                              **BY THE COURT:**

                                              **S/ F.A. Gossett**
                                              **United States Magistrate Judge**